**SAVE OUR DUNES, et al., Plaintiffs,**

v.

**Leigh PEGUES, etc., et al., Defendants.**

**Civ. A. No. 84–T–518–N.**

United States District Court,
M.D. Alabama, N.D.

Jan. 8, 1987.

L. Gilbert Kendrick, Montgomery, Ala., Frederick S. Middleton, III, Charlottesville, Va., for plaintiffs.

David Ludder, Alabama Dept. of Environment Management, Legal Div., Montgomery, Ala., for Ala. Dept. of Environmental Management and Broadwater.

Euel Screws, Richard Gill, John Henig, Copeland, Franco, Screws & Gill, Montgomery, Ala., William J. Baxley, Joel Dillard, Baxley, Beck, Dillard & Dauphin, Birmingham, Ala., for Collegiate Enterprises.

John C. Bell, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., for U.S. defendants.

Rodney Slusher, Peck, Slusher and Bunch, Florence, Ala., for defendant Developers South, Inc.

David P. Broome, McDonough & Broome, Mobile, Ala., for defendant Ala. Dept. of Environmental Management.

David R. Boyd, Balch, Bingham, Baker, Ward, Smith, Bowman & Thagard, Montgomery, Ala., for defendants Alabama Environmental Management Comm., White, DeBray, Elliot, Riley, McDonald, Farnell & Graves.

Wells D. Burgess, U.S. Dept. of Justice, Land & Natural Resources Div., General Litigation Section, Washington, D.C., for Federal defendants.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

This cause is before the court for determination of how state officials of the Alabama Department of Environmental Management should amend their procedures for issuance of permits for coastal construction, in order to cure the "due process" violation previously found by this court. *See Save Our Dunes v. Pegues*, 642 F.Supp. 393, 408–11 (M.D.Ala.1985). For reasons that follow, the court finds that due process will be served if the Department provides final action notice to the extent that it now provides pre-action notice.

### I.

The plaintiffs are environmental organizations who have successfully challenged the procedures through which the Alabama Department of Environmental Management issues permits for beachfront construction. The court found that the Department's process is flawed because no notice is given to adversely affected parties of final actions on permit applications or of the time frame for appeal of a final decision. *Save Our Dunes*, 642 F.Supp. at 410. Under present policies, pre-action notice of pending applications is published in local newspapers and mailed directly to persons and organizations whose names appear on a mailing list maintained by the Department. The list includes persons and groups who have expressed an interest to the Department in being notified of any applications for coastal construction. Affidavits previously submitted show that, at the time of suit, the list consisted of 180 names, including members of the Sierra Club, the Alabama Conservancy, the Baldwin County League of Women Voters and the Mobile County League of Women Voters. According to officials, any person or group may be added to the list upon request to the Department.

Pre-action notice typically states that an application for a permit has been received, that a public comment period will commence, that written comments must be received by a given date, that a hearing may be scheduled, if appropriate, and that copies of the final determination and comments received will be available for public inspection. Once final action on an application is taken, however, notice of the decision is not published, nor is it routinely mailed to persons and groups on the mailing list, despite the fact that affected persons will have only 30 days in which to appeal a final decision. There does exist an informal Department procedure whereby final action notice is sent to all persons who have specifically requested it in connection with a particular permit application. The court has found this informal procedure inadequate to meet even the threshold demands of due process because "(a)n informal procedure that is, for all purposes, a secret cannot satisfy the strictures of due process." *Save Our Dunes*, 642 F.Supp. at 410.

Rather than fashion new permit procedures itself, the court afforded the state defendants an opportunity to submit new procedures to cure the constitutional defect. *Save Our Dunes*, 642 F.Supp. at

410–11. The state defendants have suggested notice by publication only, with the notice to issue at the time of the permit application and to state that:

> Any person desiring to receive notice of the Department's final decision (permit issuance or denial) must provide the Department before [date comment period ends] with a self addressed and stamped envelope along with a request to be notified of the final decision. A separate request and envelope must be provided to receive notice of each final decision.

The state defendants then agree to provide final action notice only to those who request such notice pursuant to the pre-action published notice.

## II.

The state defendants' suggested cure is constitutionally defective in, at least, two ways. First, the state defendants rely on notice by publication; and, second, they rely on the requirement that parties already entitled to final notice must nonetheless specifically request such notice.

In *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Supreme Court ruled that, to satisfy the demands of due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* involved the question of notice due to beneficiaries of a trust fund to inform them of an account settlement action that would have the effect of terminating their rights to sue the trust company for improper management. An analogy between this case and *Mullane* is appropriate in that, like the plaintiffs here, the plaintiff in *Mullane* sought notice over and above a sort of pre-action notice he had already received. The trust fund at issue in *Mullane* had been established under a New York banking law which was designed to enable donors and testators of moderately sized trusts to pool together for investment administration, with income, capital gains, losses and expenses of the collective trust being shared by the constituent trusts in

proportion to their contributions. The law made provision for judicial settlement of accounts, which would have the effect of extinguishing beneficiaries' rights of action against the trust company. Although, upon formation of the collective trust, beneficiaries received a copy of the statute explaining the effect of the settlement actions, no additional notice was provided when the settlement action was pending. The court held that the prior notice was insufficient to satisfy the demands of due process because of the variations in time lapse between formation of the trust and occurrence of the settlement action. Further, the court ruled that notice of the pendency of a settlement action by publication in several national newspapers was constitutionally flawed because the names and addresses of most beneficiaries were available and therefore it was possible to provide individualized notice.

Following *Mullane*, the Supreme Court returned a number of times to the issue of when notice by publication was inadequate. For example, in *Greene v. Lindsey*, 456 U.S. 444, 455–56, 102 S.Ct. 1874, 1881, 72 L.Ed.2d 249 (1982), *quoting Mullane*, 339 U.S. at 319, 70 S.Ct. at 659, the Court observed that "where an inexpensive and efficient mechanism such as mail service is available to enhance the reliability of an otherwise unreliable notice procedure, the State's continued exclusive reliance on an ineffective means of service is not notice 'reasonably calculated to reach those who could easily be informed by other means at hand.'" And a year later, in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983), the Court stated in rather clear terms that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable."

Here, the Alabama Department of Environmental Management has the names and addresses of those persons entitled to final

action notice on permit applications; these persons are, as the plaintiffs aptly note, the very same persons to whom the Department now sends pre-action notice of permit applications. Moreover, providing final action notice would not be unworkable or unreasonably onerous. The persons entitled to such notice are not many, consisting of approximately 180; and the Department need only do for final action notice what it now does for pre-action notice.

The court also rejects the state defendants' requirement that persons already entitled to final action notice and known to the Department must nonetheless specifically request such notice. The court has ruled that plaintiffs are entitled to notice of final permit decisions and the time limitations on their rights to appeal these actions, so they can take advantage of these rights. This entitlement should not be left to hinge upon the affected party's diligence in requesting each permit decision. As the Supreme Court ruled in *Mennonite Board,* due process required personal service or mailed notice "even though sophisticated creditors have means at their disposal to discover whether property taxes have not been paid and whether tax sale proceedings are therefore likely to be initiated.... [A] party's ability to take steps to safeguard its interests does not relieve the state of its constitutional obligation." 462 U.S. at 799, 103 S.Ct. at 2712.

### III.

For the above reasons, the court rejects the state defendants' suggestion for curing the constitutional defect in their permit procedures. For these same reasons, the court will require, as suggested by the plaintiffs, that the Department mail notice of final actions to the same persons to whom it mails pre-action notice.

As to the content of the individualized final notice, the court is of the opinion that a combination of suggestions from the plaintiffs and state defendants will amply meet the requirements of due process. The notice should include the name of the applicant, a brief description of the construction project permitted or denied, and the nature and issuance date of the final decision. The notice should also inform its recipient of the time limit and method for filing an appeal.

An appropriate order will be entered.

### ORDER AND INJUNCTION

In accordance with the memorandum opinion entered today, it is the ORDER, JUDGMENT, and DECREE of the court that the state defendants be and they are hereby ENJOINED and RESTRAINED from failing:

(1) To give final action notice on permit applications for coastal construction;

(2) To give said notice by mail to the same persons who receive pre-action notice by mail; and

(3) To include in said final action notice the name of the permit applicant, a brief description of the construction project permitted or denied, the nature and issuance date of the final decision, and the time limit and method for filing an appeal.

It is further ORDERED that the state defendants be and they are hereby ENJOINED and RESTRAINED from failing to memorialize in their rules and regulations the final notice requirements set forth in this order.