# Strain v. Irwin.

### Malicious Prosecution.

(Decided April 15, 1917.   75 South. 151.)

1. **Appeal and Error; Bond; Effect of Defects.**—Under the direct provision of Code 1907, section 2886, an appeal will not be dismissed because the supersedeas and appeal bond is defective without appellant being given an opportunity to file a correct bond.

2. **Appeal and Error; Bond; Sufficiency.**—An appeal and supersedeas bond, correctly describing the judgment appealed from, except for a misrecital of its date, held sufficient on a motion to dismiss.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by June Irwin against Tom Strain. Judgment for plaintiff and defendant appeals. Submitted on motion to dismiss appeal. Motion overruled.

Transferred from Court of Appeals under Acts 1911, p. 450.

(See in this same connection *Strain v. Irwin,* 195 Ala. 414, 70 South. 734.)

WERT & LYNNE and C. L. PRICE for appellant.   O. KYLE for appellee.

GARDNER, J.—This cause was submitted in the Court of Appeals upon the motion to dismiss the appeal, made by the appellee. The records of that court disclose that the submission was only upon the motion and not on the motion and the merits.

The point is taken by the appellee that the appeal should be dismissed because of the insufficiency of the appeal and supersedeas bond, for that it misdescribes the judgment from which the appeal is taken, citing in support thereof the cases of *Dumas v. Hunter,* 28 Ala. 688, *Satterwhite v. State,* 28 Ala. 65, *Williams v. State,* 26 Ala. 85, and *Carey v. McDougald,* 25 Ala. 109.

(1, 2) The misdescription of the judgment contained in the supersedeas and appeal bond, complained of by counsel for appellee, is that the bond recites that the judgment was rendered v. 6, 1914. An examination of the record, however, seems to

disclose that the judgment was in fact rendered on May 13, 1914, as the last date noted in said judgment is of that day, the same beginning as follows: "Now, on this the 13th day of May, 1914, comes the parties," etc.

The bond therefore gives the date of the judgment as the 14th day of May, and the record seems to show the date May 13, 1914. In this state of the record, under our statutes (section 2886, Code 1907), even if this description should be held to be a matter of material importance, this court would not dismiss the appeal, but would first give opportunity for a corrected bond to be given. Here, however, we do not reach that point, as we think the bond sufficient to support the appeal. The bond recites that the appeal is taken, to quote the language of the bond: "From a judgment rendered in the circuit court of Morgan county in favor of June Irwin against the said Tom Strain, for malicious prosecution and false imprisonment, in which suit June Irwin was plaintiff and Tom Strain was defendant, for the principal sum of $75, together with $105.95 court costs, from which said judgment Tom Strain has applied for and obtained an appeal to the Court of Appeals of Alabama.

There can be on question but that this bond, with the description of the judgment rendered, as shown by the above quotation, renders it clearly and reasonably certain that the appeal was taken from the judgment rendered on May 13th, and none other. In 2 Cyc. 839, the following language of the text, supported by a number of authorities, is found: "A misrecital of the date of judgment should not necessarily be held fatal to the bond, provided the other elements of the description show with reasonable certainty that it can be no other than that appealed from."

See, also, *Street v. Street*, 113 Ala. 333, 21 South. 138.

We therefore conclude that the bond in this case was sufficient to support this appeal and supersedeas, it describing the judgment with reasonable certainty, and that the motion of the appellee to dismiss the appeal should be overruled; nor do we see any occasion to strike the assignments of error, as seems also to be included in the motion. As the case was not submitted upon the merits, we can here deal only with the motion, which is overruled.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.