IDA CEFALO *vs.* BOARD OF APPEAL OF BOSTON.

Suffolk. November 4, 1954. — February 4, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning. Equity Pleading and Practice, Appeal, Parties, Zoning appeal. Board of Appeal. Boston. Administrative Matter.*

The members of the board of appeal of Boston are proper parties to a suit in equity in the Superior Court by way of appeal from a decision of the board under St. 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18, and are entitled to appeal to this court from the decree of the Superior Court. [179–180]

In a suit in equity by way of appeal to the Superior Court under St. 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18, from a decision of the board of appeal of Boston denying the plaintiff's application for a zoning variance, a decree of the Superior Court ordering the board to

grant the variance was erroneous as an exercise of administrative discretion not vested in the court; and the decree was reversed and a decree ordered to be entered stating that the decision of the board did not exceed its authority and that no modification of it was required. [181]

A decision of the board of appeal of Boston denying a zoning variance on the stated ground that the applicant had not shown a "specific case" where substantial hardship would result from a literal application of the zoning law or relief might be granted without substantial derogation from its intent and purpose sufficiently stated the reasons for the decision in compliance with St. 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18. [181]

BILL IN EQUITY, filed in the Superior Court on February 13, 1953.

The suit was heard by O'Brien, J.

William D. Quigley, Assistant Corporation Counsel, for the defendant.

Isadore H. Y. Muchnick, (James M. McDonough with him,) for the plaintiff.

QUA, C.J. This is a bill in equity filed in the Superior Court by way of "appeal" under the zoning law of Boston, St. 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18, from a decision of the board of appeal denying to the plaintiff a variance which would have permitted a "mortician's home" in a single residence district.

The board found that the plaintiff "did not advance sufficient reasons to cause the Board to come to the conclusion that this was a specific case where a literal enforcement of the Act involved a substantial hardship upon the appellant, nor where desirable relief might be granted without substantially derogating from the intent and purpose of the Act." The Superior Court heard the case de novo, made findings contrary to those of the board, and ordered the board to grant the variance. The board appeals to this court.

The plaintiff contends that the board has no interest in the case and so has no right to appeal. This position cannot be maintained in view of the peculiar provisions of St. 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18. This section provides that any person aggrieved by a de-

cision of the board "may appeal to the superior court sitting in equity." This provision, like the similar provision applicable outside of Boston now found in G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as most recently amended by St. 1953, c. 102, has always been understood as requiring a suit in equity to be brought in court with the usual incidents of such a suit. *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224. The suit marks the transfer of the controversy from the administrative into the judicial field. It is to be expected that such a suit will have the usual concomitants of a suit in equity including parties plaintiff and parties defendant. The practice has been uniformly in accord. That the statute itself contemplates that there will be parties on both sides of the suit is shown by the sentence reading, "The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases." It is obvious that if the members of the board could not be made defendants there would be in many instances no one who could be made a defendant, and no suit could be brought. The provision of the same section that no costs shall be allowed against the board unless it acts with gross negligence or in bad faith shows that it is expected that the members of the board will be parties. And it may be added that the present remedy by bill in equity takes the place of the former remedy by certiorari under St. 1924, c. 488, § 19, in which of necessity the members of the board were the parties respondent. Once it is demonstrated that the members of the board are proper parties to the suit in equity, the sentence last quoted above from the statute applies to them and they "have all rights of appeal [to this court] and exception as in other equity cases."

This case was decided in the Superior Court before the decision of this court in *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, and it was decided upon the same erroneous construction of the pertinent statute, St. 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18, that was applied in the *Pendergast* case to G. L. (Ter. Ed.)

c. 40, § 30, as appearing in St. 1933, c. 269, § 1.  The two statutes are substantially alike in wording and must receive the same construction.  For reasons fully explained in the *Pendergast* case a judge can seldom, if ever, grant a variance which has been refused by a board of appeals.  These reasons rest upon necessary considerations of constitutional law.  They need not be explained again here.  The decision of the court cannot stand.

The plaintiff suggests that the decision of the board is invalid because the board did not set forth the reasons for its decision as required by § 19, as amended.  In *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, 457–458, this court said that the requirement that the board set forth its reasons is not satisfied by a mere repetition of the statutory words, and that, while minute recitals may not be necessary, there must be definite statement of rational causes and motives.  Reference was made to the *Prusik* case in *Real Properties, Inc.* v. *Board of Appeal of Boston*, 319 Mass. 180, 183, and *Gaunt* v. *Board of Appeals of Methuen*, 327 Mass. 380, 381–382.  But in all three of these cases the board had acted affirmatively by granting a variance.  It would have been easy to make an adequate statement of the reasons that led to that action.  In the present case the board refused a variance.  It would have been a matter of considerable difficulty, especially for laymen, to state in detail all possible factors the nonexistence of which resulted in the denial of the application.  In a case like this we are of opinion that the statement the board made of the statutory requirements for a variance that it found lacking was sufficient to comply with § 19, as amended.  See *Adams* v. *Adams*, 331 Mass. 354, 358.

The decree is reversed, and a decree is to be entered stating that the decision of the board did not exceed its authority; that no modification of its decision is required; and that the clerk of the court, within thirty days after the entry of the decree, send an attested copy thereof to the board of appeal of Boston.  *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, 228.          *So ordered.*