Frank A. G-ttlotta, J.
On this application to review the decision of the Zoning Board of Appeals of the City of Long-Beach, respondents move to dismiss the petition on the ground that no facts are alleged showing that petitioners are aggrieved parties. (See General City Law, § 82.)
The law is well settled that to he a “ person aggrieved ” one must be specially, personally and adversely affected as distinguished from one who is merely in the general class of a taxpayer whose only interest is to have strict enforcement of zoning regulations for the welfare of the entire community. There must be special injury or damage to one’s personal or property rights as distinguished from the role of being only a champion of causes (Matter of Blumberg v. Hill, 119 N. Y. S. 2d 855).
The petition in the instant case alleges petitioners to be ‘‘ property owners in the immediate vicinity of the property involved in the setback variance ”. There is lacking- any allegation as to how each petitioner is adversely affected. Were this supplied it might have particularized the first allegation and brought petitioners within the definition of aggrieved persons. However the allegation speaks in general terms as to the effect of the board’s decision on the entire community and in that respect tends to bring the petitioners within the “ champion of causes ” statement above.
In proceedings of this type, where the distinction between who is, who might be, and who is not an aggrieved party plays so important a part, great care should be taken to allege facts which are unequivocal. The term ‘1 immediate vicinity ’ ’ is not legally sufficient to describe or bring one within the sphere of an aggrieved person since it may have various connotations and might well cover all three of the above categories depending upon who is interpreting the phrase and in what connection it is being used. Does it mean petitioners own adjacent property, nearby property, property 10 blocks away or all three!
While it is true that a bill of particulars might clarify the situation, a respondent should not be compelled to make motions where the particular knowledge rests with the pleader and he could easily have alleged it in the first instance.
Motion to dismiss the petition as being- insufficient in law is granted. Petitioners are however, granted leave to serve an amended petition within 10 days from the date of this order. (See Civ. Prac. Act, § 1294.)
Short-form order signed.