229 So.2d 797

**Mrs. Katherine C. COX et al.,**

**v.**

**John POER et al.**

**6 Div. 10.**

Court of Civil Appeals of Alabama.

Dec. 15, 1969.

Speir, Robertson & Jackson, Birmingham, for appellants.

Corretti, Newsom, Rogers & May, Birmingham, for appellees.

THAGARD, Presiding Judge.

The appellants in this cause own abutting residences adjoining the acquired right-of-way for the Alford Avenue interchange of Interstate Highway I-65 on Shades Mountain in Jefferson County. The appellants filed a petition before the Jefferson County Board of Zoning Adjustment seeking a variance from the terms of the Jefferson County zoning ordinance to allow for the use of their property as a service station. The request for the variance was granted on May 29, 1967.

The appellees subsequently filed a notice of appeal. On July 11, 1967, the appellants and the Jefferson County Board of Zoning Adjustment filed a motion to dismiss said

appeal. This motion was overruled on August 2, 1967.

The appellees then filed a motion to correct typographical error in notice of appeal which was granted by the trial court. On August 8, 1967, the amendment to appeal was filed.

On September 10, 1968, appellees filed a motion to strike and exclude from the cause the Jefferson County Board of Zoning Adjustment and order the board's attorney not to participate in the trial. This motion was granted by the trial court.

Issue was joined and upon the trial thereof a jury verdict and final judgment were entered against the appellants herein. From this judgment appellants appeal.

The appellants in their brief insist that the failure of the appellees to make the specific allegation that they were "aggrieved" parties renders the appellees' notice of appeal defective and not in conformity with Section 979 of the Appendix of the Code of Alabama of 1958, Recompiled. As authority for this proposition the appellants cite Hattem, et als. v. Silver, et als., 19 Misc.2d 1091, 190 N.Y.S.2d 752 and DuBay v. Crane, 240 Md. 180, 213 A.2d 487.

In the *Hattem* case, supra, the court stated that the notice of appeal must contain an allegation that the parties taking the appeal are aggrieved and must set out specific facts showing the basis for that conclusion. However, in the *DuBay* case, supra, the court, basing its decision on the failure of proof that the parties were aggrieved, stated as follows:

"* * * but it is not necessary to be both a party to the proceeding before the board of appeals and a 'person aggrieved' by its decision in order to appeal to the circuit court. This, in addition to showing the proximity of one property to the other, requires proof of the adverse effect the changed status of the rezoned property has, or could have, on the use, enjoyment and value of the

property of the protestant in order to establish the status of the appellant, as an aggrieved person. Rathkopt, The Law of Zoning and Planning (1956, Supp.1964), Ch. 63, at pp. 23, 24. * * *"

We adopt the court's ruling in the *DuBay* case, supra. It is one thing to allege that a party is "aggrieved" and another thing to prove it. Anyone can call himself an "aggrieved" party but only those who can prove their grievances come within the purview of appendix section 979, supra.

From reading the testimony contained in the transcript we feel that adequate facts were presented to show that the appellees were "aggrieved."

As to that part of the notice of appeal which referred to the decision of the Board of Zoning Adjustment as being rendered on November 29, 1966, rather than the correct date of May 29, 1967, we feel this was corrected since in the body of the notice the correct date of May 29, 1967, was used five different times. The incorrect date was only used once.

In Strain v. Irwin, 199 Ala. 592, 75 So. 151, where supersedeas and appeal bond cited an incorrect judgment date which the appellee argued made the appeal insufficient, the court, upon the motion to dismiss the appeal, stated, viz:

"There can be no question but that this bond, with the description of the judgment rendered, as shown by the above quotation, renders it clearly and reasonably certain that the appeal was taken from the judgment rendered on May 13th, and none other. * * *"

The court went on to quote the following language from 2 Cyc. 839 as follows:

" 'A misrecital of the date of judgment should not necessarily be held fatal to the bond, provided the other elements of the description show with reasonable certainty that it can be no other than that appealed 'from.' "

We feel that the trial court erred in allowing the appellees (appellants below) to amend their notice of appeal correcting the date, but this was harmless error. The notice of appeal referred to the correct date of judgment in the body of the notice five times. There could be no doubt as to the judgment to which it referred. Therefore, the fact that the notice was amended more than fifteen days after the date of judgment was of no consequence since the original notice of appeal was self-correcting, and specified the judgment from which appeal was taken.

In support of their argument alleging error on the part of the trial court in striking the Board of Zoning Adjustment and ordering its attorney not to participate in the trial, the appellants cite City of Mobile v. Lee, 274 Ala. 344, 148 So.2d 642 and Cefalo v. Board of Appeal of Boston 332 Mass. 178, 124 N.E.2d 247, as authority. In the City of Mobile v. Lee, supra, the question was never decided as to whether the city itself had an appealable interest. The court ruled that the motion to dismiss the city came too late.

The case of Cefalo v. Board of Appeal, supra, is distinguishable from the case at bar. In the Cefalo case, supra, the court stated as follows:

> "* * * 'It is to be expected that such a suit will have the usual concomitants of a suit in equity including parties plaintiff and parties defendant. The practice has been uniformly in accord. That the statute itself contemplates that there will be parties on both sides of the suit is shown by the sentence reading, 'The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases.' It is obvious that if the members of the board could not be made defendants, there would be in many instances no one who could be made a defendant, and no suit could be brought. * * *"

In that case the Board of Appeal of Boston was the only appellant and had the court

dismissed the board then there would have been no suit. In the present case there were numerous appellants and appellees before the trial court and therefore, the insurance of prosecution of an appeal should the board be dismissed or struck.

In the Cefalo case, supra, the court also stated:

> "* * * The provision of the same section that no costs shall be allowed against the board unless it acts with gross negligence or in bad faith shows that it is expected that the members of the board will be parties. * * *"

Appendix Section 979, Code of Alabama, does not have a similar provision and does not show that it is expected that the board will be a party.

 In the case at bar, even if the trial court erred in striking the Board of Zoning Adjustment it was harmless error. The cause was fully and completely litigated.

Affirmed.