This is a zoning case
The Circuit Court of Jefferson County, upon motion, consolidated two actions brought by Crowder against the Zoning Board of Adjustment of Birmingham. Crowder appeals from the trial court's denial of his motion for a rehearing in the first action, Civ. 78-00569, and from the trial court's dismissal, upon the board's motion, of the second action, Civ. 80-03680
We find that the appeal from the ruling in Civ. 78-00569 was not timely filed and is, *Page 918 
therefore, due to be dismissed and that Crowder has failed to affirmatively show any error by the trial court in the grant of the zoning board's motion in Civ. 80-03680. Civ. 80-03680 is due to be affirmed
The record in pertinent part reveals the following:
In January, 1978, the board granted a zoning variance to a person not a party to this appeal. Crowder appealed the board's decision to the circuit court pursuant to Article XXVI, Section 6, of the Zoning Ordinance of the City of Birmingham and §11-52-81, Code of Ala. 1975. The case was designated Civ 78-00569. The board sought summary judgment and the motion was granted on May 19, 1980. On June 5, 1980, Crowder filed a motion for rehearing. On October 27, 1980, a date more than ninety days after the date of filing Crowder's post trial motion was denied. Crowder filed a notice of appeal on December 8, 1980
While Civ. 78-00569 was pending in the circuit court, the board granted a new variance to the aforementioned nonparty Crowder appealed that decision to the circuit court. This case was designated Civ. 80-03680. The board moved for summary judgment or dismissal, contending that Crowder failed to state a claim for which relief can be granted and that he lacked standing to bring the action. The board's motion was granted and Civ. 80-03680 was dismissed. Crowder also appeals from that ruling
 I
We shall first consider Crowder's appeal from the trial court's ruling in Civ. 78-00569
Crowder's rule 59 post trial motion for a rehearing was filed on June 5, 1980. The trial court did not rule on that motion during the ninety days following its filing. Crowder's motion was, therefore, denied by operation of law as provided by rule 59.1, ARCP, on a date no later than September 3, 1980. Board ofWater Sewer Comm'rs v. Alabama Power Co., Ala., 363 So.2d 304
(1978). Under rule 4 (a)(3), ARAP, when a post trial motion is deemed denied by operation of law, the forty-two day period for filing notice of appeal begins to run ninety days from the filing of the post trial motion. Thompson v. Keith, Ala.,365 So.2d 971 (1978); Board of Water Sewer Comm'rs, supra. Stated differently, under circumstances, as indicated above, notice of appeal should have been filed no later than 132 days after the filing of the post trial motion
In the instant case, the time allowed for filing of notice of appeal expired on a date no later than October 15, 1980 (forty-two days from the expiration of the rule 59.1 ninety day period). As stated above, notice of appeal was not filed until December 8, 1980. We therefore find that the notice of appeal was not timely filed and that this court is without jurisdiction in the case. Olson v. Olson, Ala.Civ.App.,367 So.2d 504 (1979)
The appeal from the trial court's ruling in Civ. 78-00569 is due to be dismissed
 II
As indicated, the board in Civ. 80-03680 sought a dismissal or summary judgment in its favor, contending that Crowder failed to state a claim for which relief could be granted and that he lacked standing to bring the action. The board's motion was granted and the action was dismissed. Crowder, on appeal, contends the trial court erred in so doing
In order for a party to have standing to challenge the decision of a zoning board of adjustment he must be a "party aggrieved." To establish himself as a "party aggrieved" he must present "proof of the adverse effect the changed status of the rezoned property has, or could have, on the use, enjoyment and value" of his own property. Cox v. Poer, 45 Ala. App. 295,229 So.2d 797 (1969)
Crowder contends the trial court erred in finding that he lacked standing. However, in reviewing the action of the trial court this court must look only to the *Page 919 
record for the evidence and cannot look outside of the recordUnited States Fidelity Guaranty Co. v. InternationalBrotherhood, 40 Ala. App. 452, 115 So.2d 42 (1959). In other words, errors, if any, committed below must be affirmatively demonstrated by the record before this court. Summerlin vBowden, Ala.Civ.App., 353 So.2d 1175 (1978). If the record does not disclose the facts upon which the alleged error is based, such error may not be considered on appeal. Clevenger v. State, Ala.Civ.App., 369 So.2d 563 (1979); Mauldin v. Mauldin,399 So.2d 858 (Ala.Civ.App., 1981)
In the instant case, the record does not disclose the facts upon which the alleged error is based. There is no testimony, supporting affidavits, or depositions indicating what effect, if any, the disputed zoning variance has, or could have, on Crowder's property. Under these circumstances, as stated above, the alleged error may not be considered on appeal. Mauldin,supra.
In view of appellant's ernest contentions in brief and during oral arguments we feel constrained to comment that from statements made during oral arguments it would appear that Crowder's residence is located some five city blocks from the property in question. These statements are not reflected in the record and cannot, therefore, be properly considered by this court. However, from these statements it would appear to this court that Crowder lacks standing as a party aggrieved under the criteria set forth in Cox v. Poer, supra, and that the trial court did not err in reaching the same conclusion
We make this comment only in passing and we strongly reiterate that this court can look only to the record for the evidence and that the record, in the instant case, does not disclose the facts upon which the alleged error is based
In view of the above, we find that Crowder has failed to affirmatively show any error in the trial court's ruling in Civ. 80-03680. The case is due to be affirmed
Civ. 78-00569 DISMISSED
Civ. 80-03680 AFFIRMED
All the Judges concur