SAVE OUR DUNES, the Alabama Conservancy, League of Women Voters of Mobile, Sierra Club and League of Women Voters of Baldwin County, Plaintiffs–Appellees,

v.

ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, et al., Defendants,

Leigh Pegues, ind. and in his official capacity, Defendant–Appellant.

SAVE OUR DUNES, the Alabama Conservancy; League of Women Voters of Mobile, Sierra Club, and League of Women Voters of Baldwin County, Plaintiffs–Appellees,

v.

ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, et al., Defendants,

Alabama Environmental Management Commission, Dewey A. White, Jr., ind. and in his official capacity, Thomas R. DeBray, ind. and in his official capacity, Claire B. Elliot, ind. and in her official capacity, Russell L. Riley, ind. and in his official capacity, M. Cameron McDonald, ind. and in her official capacity, J. Ernest Farnell, ind. and in her official capacity, Stanley L. Graves, ind. and in his official capacity, Defendants–Appellants.

SAVE OUR DUNES, the Alabama Conservancy, League of Women Voters of Mobile, Sierra Club, and League of Women Voters of Baldwin County, Plaintiffs–Appellees,

v.

ALABAMA ENVIRONMENT MANAGEMENT COMMISSION, Dewey A. White, Jr., ind. and in his official capacity, Thomas R. DeBray, ind. and in his official capacity, Claire B. Elliot, ind. and in her official capacity, Russell L. Riley, ind. and in his official capacity, M. Cameron McDonald, ind. and in her official capacity, J. Ernest Farnell, ind. and in his official capacity, and Stanley Graves, ind. and in his official capacity, Malcolm Baldridge, Secretary U.S. De-

partment of Commerce; Peter Tweedt, Director of Ocean & Coastal Resources Management and Developers South, and Collegiate Enterprises, Inc., Defendants,

Leigh Pegues, the Director of Alabama Department of Environmental Management, Defendants–Appellants.

Nos. 86–7014, 86–7021 and 87–7052.

United States Court of Appeals, Eleventh Circuit.

Dec. 31, 1987.

David P. Broome, McDonough & Broome, Mobile, Ala., for Leigh Pegues, etc.—appellants 86-7014.

David R. Boyd, Balch & Bingham, Montgomery, Ala., for Alabama Environmental, et al.—appellants 86-7021.

Euel A. Screws, Jr., Copeland, Franco, Screws & Gill, Montgomery, Ala., Joel E. Dillard, Baxley, Dillard & Dauphin, Birmingham, Ala., for Collegiate Enterprises —appellants 85-7798.

Marie A. Iizuka, Dept. of Justice, Land & Natural Resources Div., Washington, D.C., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., for Government defendants —all cases.

L. Gilbert Kendrick, Moore, Kendrick, Glassroth, Harris, Bush & White, Montgomery, Ala., Frederick S. Middleton, III, Southern Environmental Law Center, Charlottesville, Va., for Save Our Dunes, etc.

Before HILL and EDMONDSON, Circuit Judges, and ARONOVITZ[*], District Judge.

EDMONDSON, Circuit Judge:

By statute and administrative regulation, Alabama has created a means of controlling development along its coastline. Briefly stated, developers wishing to erect structures in the state's defined coastal zone must first apply for and obtain a building permit from the Alabama Department of Environmental Management (ADEM). State law provides that persons "aggrieved" by ADEM's decision on a permit application may appeal to the Alabama Environmental Management Commission (AEMC). *See* Ala.Code sec. 22-22A-7(c).

Appellees—plaintiffs in the district court[1]—are several nonprofit organizations that have opinions as to how Alabama's coastline should be used. They contend that they qualify as "aggrieved" parties under the present state laws and, thus, have rights of appeal from the land use decisions of the ADEM. Additionally, they say that the right of appeal under state law is a kind of property right protected by the federal Constitution. Most particularly, they submit that, pursuant to federal procedural due process obligations, they must be notified specifically and directly by ADEM every time ADEM takes final action in reference to the grant or denial of a building permit application. The district court agreed and, by injunction, ordered the state agency to give such direct notice regularly. We think this was not required by the Constitution. Accordingly, we reverse.

We will assume[2]—but do not decide— that persons "aggrieved" within the meaning of the relevant state laws have some "property" right in the opportunity to appeal, itself. *Cf. Logan v. Zimmerman,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (a state-created cause of action constitutes a property interest that entitles the plaintiff to due process). Thus, we are faced with two questions: (1) are appellees-plaintiffs "aggrieved", within the meaning of Alabama's laws, by the ADEM's land use decisions to grant or to deny building permits to applicants wishing to erect structures in the state's coastal zone; (2) assuming plaintiffs are "aggrieved", what notice does the federal Constitution, at a minimum, require in respect to final actions of ADEM?

We conclude that no plaintiff before us today is "aggrieved" within the meaning of Alabama law. Additionally, we conclude

---

[*] Honorable Sidney M. Aronovitz, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. For background, see *Save Our Dunes v. Pegues,* 661 F.Supp. 18 (M.D.Ala.1987); *Save Our Dunes v. Pegues,* 642 F.Supp. 393 (M.D.Ala. 1985).

2. At least one court has held that "[t]he opportunity granted abutting landowners and aggrieved persons to appeal decisions of planning and zoning commissions and zoning boards of appeal is purely procedural and does not give rise to an interest protected by the fourteenth amendment." *Fusco v. State of Conn.,* 815 F.2d 201, 205-06 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 149, 98 L.Ed.2d 105 (1987).

that even if plaintiffs were "aggrieved," Alabama has provided them with constitutionally adequate notice: ADEM regularly notifies the public regarding pending permit applications. Moreover, ADEM and AEMC apparently do not conceal or otherwise bar access to their records on final agency actions; in fact, the practice is to notify a person when a permit is granted or denied, so long as that person has requested, on a permit-by-permit basis, notification for that particular permit application.

**Appellees are not "aggrieved"; thus, appellees have no "property" interest in the state appeal**

Under Alabama law, only "aggrieved" persons have any right to challenge and to appeal final actions taken by ADEM. Thus, whether appellees-plaintiffs are "aggrieved" is critically important. The answer to this question does not hinge on an analysis of plaintiffs' standing in federal court to pursue this claim. *See generally Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Rather, it depends on how Alabama law defines "aggrieved", *see Logan*, 455 U.S. at 428–33, 102 S.Ct. at 1154–56 (state law must define a "property" interest for purposes of due process analysis). Certainly, the word "aggrieved" is a term of limitation and describes a category smaller than the general public. As we explain below, only a narrow class of persons—those who own land affected by the issuance of a building permit—constitute "aggrieved" persons.

Only one opinion has attempted to define what constitutes an "aggrieved" person under the Alabama Environmental Management Act; but that case did not involve land use planning.[3] ADEM's regulations

provide only that "aggrieved" means "threatened or actual injury in fact." Rules and Regulations of Environmental Management, sec. 2–1–.02(b) (enacted July 1, 1983; amended Oct. 10, 1984). Clearly, this general provision does not resolve who is aggrieved in concrete situations.

Because Alabama's coastal building permit application program involves a form of land use planning, we look to Alabama land use planning law to guide our inquiry. Alabama zoning law offers the best authority on what constitutes an "aggrieved" person.[4] Like their counterpart in the Alabama Environmental Management Act, sections 11–52–80 and 11–52–81 of the 1975 Code of Alabama provide that "any party aggrieved" may timely challenge and appeal adverse decisions of a local zoning board. Case law defines the term "aggrieved" narrowly in this context.

In *Cox v. Poer*, 45 Ala.App. 295, 229 So.2d 797 (1969), the court defined "aggrieved" as follows: "This, in addition to showing the proximity of one property to the other, requires proof of the adverse affect the changed status of the rezoned property has, or could have, on the use, enjoyment and value of the property of the protestant...." *Id.* at 297, 229 So.2d at 798–99. *See also Crowder v. Zoning Bd. of Adjustment*, 406 So.2d 917, 918 (Ala.Ct. App.) ("party aggrieved" must show "the adverse effect the changed status of the rezoned property has, or could have on the use, enjoyment, and value of his own property."), *cert. denied*, 406 So.2d 919 (Ala. 1981). Furthermore, the "protestant" must show that he or she has a legal or equitable interest in land affected by the zoning decision. *See Board of Adjustment*

---

3. In *Marshall Durbin & Co. of Jasper, Inc. v. Alabama Dep't of Envtl. Management, Inc.*, No. 5625 (Ala.Ct.App. Apr. 29, 1987), *cert. granted*, No. 86–1214 (Ala. Oct. 13, 1987), the court found that plaintiff, a company which sought to challenge rate hikes purportedly caused by the issuance of a sewage emission permit, "lacks statutory standing to challenge the issuance of the new permit because it is unable to show that the injury which it sustained was directly inflicted by an administrative action. *See*, sec. 22–22A–7(c), Code 1975."

4. Like the Alabama Environmental Management Act, Alabama's zoning laws regulate the use and development of land. Environmental, aesthetic, and recreational factors play a role in many zoning decisions, as well as other, more economic or business-related factors. *Compare Roberson v. City of Montgomery*, 285 Ala. 421, 425, 233 So.2d 69, 72 (1970) (discussing "planning" and "zoning" generally) *with* Ala.Code sec. 22–22A–2 (statement of the "legislative intent and purposes" of the Alabama Environmental Management Act).

*v. Matranga, Hess & Sullivan,* 51 Ala.App. 154, 283 So.2d 607 (Ala.Civ.App.1973).

■ As Alabama land use cases suggest, aesthetic, environmental, or recreational concerns alone do not confer "aggrieved party" status; the complainant must show that an adverse agency action somehow affected his or her interest in land. In a recent decision the Supreme Court of Alabama held that an adjacent property owner who owned a condominium along the coast was not an "aggrieved" party under Ala. Code sec. 11–52–81: "[plaintiff] has failed to show the existence of a legal right which requires protection. The only thing for which protection is sought is a view of the Gulf of Mexico, to which [plaintiff] does not have a legal entitlement." *Gulf House Ass'n, Inc. v. Town of Gulf Shores,* 484 So.2d 1061, 1063–64 (Ala.1985) (citing for authority *Ray v. Lynes,* 10 Ala. 63 (1846)). Accordingly, the Supreme Court found that "the ruling in favor of issuance of the variance was proper", and it denied plaintiff's request for a permanent injunction. *Id.* at 1064.

Other jurisdictions have addressed the question whether civic or environmental groups may attain "aggrieved party" status. In *Virginia Beach Beautification Comm'n v. Board of Zoning Appeals,* 231 Va. 415, 344 S.E.2d 899 (1986), the court found that plaintiff, an environmental organization, could not contest the decision of a zoning board to issue a permit variance:

The term "aggrieved" has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision.... The petitioner "must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest." ... Thus, it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress

some anticipated public injury when the only wrong he has suffered is in common with other persons similarly situated....

In the present case, the Commission, for example, neither owns nor occupies real property within or in close proximity to the property that is the subject of the variance application. Indeed, the Commission owns no property at all. And it has not otherwise demonstrated a direct, immediate, pecuniary, and substantial interest in the decision to grant the variance to the height and setback requirements applicable to freestanding signs in the City. The organization is merely a nonstock corporation with no specific property interests to be damaged. *See Sierra Club v. Morton,* 405 U.S. 727, 739–40, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636 (1972).

Accordingly, we hold that the trial court correctly decided that the Commission is not a party "aggrieved" within the meaning of Code sec. 15.1–497.

*Id.* at 420, 344 S.E.2d at 902–03 (citations omitted). *See also Izaak Walton League of America v. Monroe County,* 448 So.2d 1170, 1173–74 (Fla. 3rd Dist.Ct.App.1984) (plaintiff, an environmental organization, lacked statutory standing as an "aggrieved" person to challenge a rezoning decision); *Lindsey Creek Area Civic Ass'n. v. Consolidated Gov't of Columbus,* 249 Ga. 488, 491, 292 S.E.2d 61, 63–64 (1982) ("Civic associations and subdivision clubs do not have standing to enjoin rezoning unless they own property affected by the rezoning, or unless they are joined by individual plaintiffs who have standing to do so.").

■ In the present case plaintiffs consist of various civic-minded and environmental organizations, whose members may or may not be citizens of Alabama. Plaintiffs claim that they use and enjoy Alabama's coastal beaches.[5] Yet they have not shown

---

5. Plaintiffs' complaint states as follows:
Plaintiffs' members and representatives visit, use, and enjoy the Gulf Coast Beaches of Alabama, including the beaches of Perdido Key, for, among other things, recreational purposes such as wildlife viewing and education, fishing, swimming, boating, hiking,

nature study, and photography; conservation purposes; food; and general aesthetic and spiritual enjoyment. Plaintiffs and their members have been and continue to be irreparably harmed by the acts and omissions of defendants as alleged herein.

how ADEM's actions adversely affected their legal or equitable interests in land.[6] Consequently, plaintiffs have not established that they are "aggrieved" within the meaning of state law. Under the fourteenth amendment, plaintiffs' claim to a constitutionally cognizable "property" interest must be grounded in state law. *See Logan,* 455 U.S. at 428–33, 102 S.Ct. at 1154–56. Thus, without demonstrating how they qualify as "aggrieved"[7] persons under Alabama law, plaintiffs have no "property" interest in a state appeal to support their claim to due process.

### Alabama Provides Due Process Notice

■ If plaintiffs were not, under Alabama law, "aggrieved", they had no property interest in an appeal; and federal procedural due process is not required as to plaintiffs in respect to notice of the administrative appeal. When deciding cases, we address questions of federal constitutional law only as a last resort. Nevertheless, because we may possibly have mistakenly interpreted Alabama law in respect to "aggrieved",[8] we offer these thoughts concerning notice due persons who are "aggrieved" or may be "aggrieved" by ADEM's actions concerning the issuance of a building permit.

There is no issue in this case about whether Alabama gives adequate notice to the public, including plaintiffs, when applications for building permits are made: the public is notified by legal advertisement published in two newspapers of circulation in the coastal zone. Furthermore, there is no contention that ADEM and the AEMC are secretive about their proceedings. Put differently, persons who inquire as to the status of particular applications can be informed. Because who is or may be "aggrieved" by a building permit decision depends on a variety of factors, who—other than the applicant—may be "aggrieved" by each decision is indefinite; therefore, the names and addresses of such persons are not easily ascertainable by ADEM. *Cf. Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). Moreover, as a matter of practice, anyone who specifically requests to receive direct written notice of final agency action as to a specific application will be provided such notice, if the person provides a properly addressed and stamped envelope to ADEM for that purpose.

What due process requires varies and depends upon all the circumstances. *See Mullane v. Central Hannover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *Metropolitan Housing Dev. Corp. v. Village of Arlington Heights,* 469 F.Supp. 836, 858–62 (N.D. Ill.1979), *aff'd,* 616 F.2d 1006, 1015 (7th Cir.1980). No Supreme Court case or other federal appellate court has required more notice than this in circumstances similar to this. Once Alabama gives good notice of a building permit application, Alabama can properly require persons concerned about a

Plaintiffs do not contend that Alabama's regulatory scheme vests them with a property interest in beach land.

**6.** Apparently nothing in the Record indicates that the issuance of a permit by ADEM adversely affected the land or property rights of plaintiffs' members. Plaintiffs have failed to produce any adjacent landowner who could show harm to the use and enjoyment of his property. Although plaintiffs' counsel belatedly suggested in oral argument that some members owned property overlooking the condominium developments originally in dispute, counsel did not make any reference to the Record on Appeal; in any event, a blocked view does not necessarily confer "aggrieved" person status under Alabama law. *See Gulf House Ass'n, Inc.,* 484 So.2d at 1063–64.

**7.** Of course, we do not hold that none of the plaintiff organizations could ever be an "aggrieved" party in respect to a specific building permit application. If, for example, one of those organizations, itself, owned land and, otherwise, met the test for aggrievement, the organization would be treated in that case as any other entity and could be "aggrieved." We reject, however, the idea that their concern, knowledge and general use of beaches are, in and of themselves, sufficient to make plaintiffs generally "aggrieved" or, put differently, "aggrieved" in each and every permit application.

**8.** This ought not be understood as a confession of grave doubt on our part. We just recognize that Alabama's own high courts—and not the United States Courts—have the final word as to what Alabama's laws truly mean. Our interpretation of "aggrieved" represents our best effort to decide what we think Alabama's highest court would decide if faced with the same question.

building application (other than their own application concerning their own land) in the coastal zone to initiate reasonable steps to keep themselves informed as to the status of the proceedings about which they are curious. That we might wish that Alabama would do more or that it is conceivable that Alabama could do more does not mean that Alabama is actually required by the Constitution to do more.

In conclusion, assuming *arguendo* that plaintiffs have a state-created "property" interest in an appeal, Alabama's laws and procedures provide plaintiffs with the process that is "due." We cannot say that it is too much to expect persons concerned about the permit application process to monitor its progress with an eye towards the deadline for filing an appeal.

Accordingly, the judgment of the district court must be REVERSED.

ARONOVITZ, District Judge, specially concurring:

I concur in the result and in that part of the Opinion holding that plaintiffs are not "aggrieved" parties under Alabama law; however, I would not reach the alternative issue with respect to Federal Due Process, as I do not deem it necessary to reach that Constitutional issue at this time.