THIGPEN, Judge.
This is a zoning case.
The Boys’ and Girls’ Clubs of Greater Mobile, Inc. (Boys’ and Girls’ Clubs), applied to the Board of Zoning Adjustment of the City of Mobile (Board) for a use variance on approximately 150 acres of land located in the city and owned by Steadham Joint Venture, a limited partnership. The application was approved and the variance granted in 1991. A group of property owners living in the area of the subject property (appellants) appealed to the circuit court in accordance with Ala. Code 1975, § 11-52-81, for trial de novo. Thereafter, Boys’ and Girls’ Clubs sought to amend the application to reflect Steadham Joint Venture as a co-applicant for the variance. On the day of trial, the appellants filed *646 a motion to dismiss the application as originally filed, or in the alternative, for summary judgment, alleging, inter alia, that the Boys’ and Girls’ Clubs had no legal equitable ownership in the property sufficient to confer standing to petition for a variance. After receiving the evidence ore tenus, the trial court found that the appellants were not parties aggrieved within the meaning of Ala. Code 1975, § 11-52-81, and dismissed their appeal of the decision of the Board. Following the denial of the motion to reconsider, the property owners filed this appeal.
Two issues are presented for review; namely, whether the trial court erred in determining that the appellants were not “parties aggrieved” within the meaning of Ala. Code 1975, § 11-52-81, thereby entitling them to challenge, on appeal, the Board’s grant of the Boys’ and Girls’ Clubs’ application and issuance for a variance; and two, whether the Boys’ and Girls’ Clubs had a sufficient equitable interest in the property to apply for a variance.
Certain facts are not in dispute. The property in question is zoned R-l, single family residential district. The proposed use of the property was for an outdoor activity center (a day camp and an environmental youth corps facility where alternative sentencing programs for non-violent juvenile offenders would be conducted). This facility would be a residential facility for approximately fifty youths, operated year-round, twenty-four hours a day, and supervised by military drill-like instructors. The parties agree that no variance would be required for the day camp activity, but that the operation of the environmental youth corps facility requires a variance.
The first issue concerns whether the trial court erred in finding that the appellants were not “parties aggrieved” within the meaning of Ala.Code 1975, § 11-52-81. We note at the outset that in de novo appeals, where the evidence is presented to a trial court ore tenus, that court’s findings are presumed to be correct and will not be set aside except for plain and palpable abuse of discretion. Lawless v. Smith, 481 So.2d 1144 (Ala.Civ.App.1985). After receiving the evidence ore tenus, the trial court determined, as a matter of fact, that the appellants would not be adversely affected by the decision to grant the variance for _ the use anticipated. The appellants argue that this court should reverse the trial court’s findings on the basis that the proposed use “could have” an adverse effect on their property. That is not a complete statement of the rule. It is well established that in order for a party to have standing to challenge the decision of the Board, he must be a “party aggrieved.” Ala. Code 1975, § 11-52-81. “To establish himself as a ‘party aggrieved,’ he must present ‘proof of the adverse effect the changed status of the rezoned property has, or could have, on the use, enjoyment, and value’ of his own property. Cox v. Poer, 45 Ala.App. 295, 229 So.2d 797 (1969).” Crowder v. Zoning Board of Adjustment, 406 So.2d 917, 918 (Ala.Civ.App.1981), cert, denied, 406 So.2d 919 (Ala.1981). “It is one thing to allege that a party is ‘aggrieved’ and another thing to prove it. Anyone can call himself an ‘aggrieved’ party, but only those who can prove their grievances” come within the purview of Ala.Code 1975, § 11-52-81. Cox, supra, 229 So.2d at 799. The complete testimony of the experts presented by the Board, Steadham Joint Venture, and Boys’ and Girls’ Clubs, together with the introduction into evidence of two written reports from these witnesses as to their analysis, indicates a detailed study of the impact of other comparable uses on other neighboring residential property. These witnesses determined that there would be little, if any, adverse impact on the use, enjoyment, or value of the neighboring property owners’property. While the appellants testified regarding their fears of having this facility in close proximity of their properties, and regarding their fears that their property would be reduced in value by some 10% or more, nevertheless, the appellants’ own expert testified that such a use variance did not significantly impact upon the residential character of the neighboring property. While he testified to an adverse impact on the appellants’ property values, he further acknowledged that the wooded buffer zone between the facility’s property and the appellants’ property would partially obstruct visibility of that facility from any point beyond the property in question. Accordingly, in *647 view of the overwhelming testimony that the use variance will have little, if any, impact upon the property in question, we cannot say that the trial court abused its discretion in finding that the appellants are not “parties aggrieved” as contemplated within Ala.Code 1975, § 11-52-81. The trial court having determined that the appellants were not “parties aggrieved” as required by the statute, there was no occasion for it to rule on the motion to dismiss or, in the alternative, for summary judgment. An appellate court will not review questions not decided by the trial court. Bevill v. Owen, 364 So.2d 1201 (Ala.1979).
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.