This is a dispute over the grant of a use variance by the Zoning Board of Adjustment of the City of Mobile ("Board") to the Boys' and Girls' Clubs of Greater Mobile. We granted the petition for the writ of certiorari, filed by several nearby landowners, to review the affirmance by the Court of Civil Appeals of the trial court's dismissal of the petitioners' appeal from the Board's decision, based on a finding that the petitioners lacked standing. We reverse and remand.
The facts are stated in the opinion of the Court of Civil Appeals. Steadham v. Board of Zoning Adjustment, 629 So.2d 645
(Ala.Civ.App. 1992), should be read in conjunction with this opinion. We recite only those facts necessary to our discussion.
The Board granted the Boys' and Girls' Clubs a use variance for property zoned R-1, *Page 648 
single-family residential, to build and maintain an environmental youth corps facility, to be used for alternative sentencing programs for nonviolent juvenile offenders. The petitioners appealed pursuant to Ala. Code 1975, § 11-52-81, which provides, in pertinent part: "Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court. . . . [T]he action in such court shall be tried de novo."
After conducting a hearing, the trial court held that the petitioners were not "parties aggrieved" and, therefore, that they lacked standing to challenge the Board's decision. Based on that finding, the trial court dismissed their appeal.
The Court of Civil Appeals affirmed, holding that the trial court did not abuse its discretion in determining that the petitioners were not "parties aggrieved" as contemplated by § 11-52-81. That court based its holding on the minimal evidence presented by the petitioners in support of their proposition that the proposed use of property for the youth corps facility would have an adverse impact on their property and the substantial evidence presented by the respondents indicating that the proposed use, which was approved by the Board, would have no adverse effect on the use, enjoyment, or value of neighboring property.
The petitioners contend that this holding conflicts withEx parte Marshall Durbin Co. of Jasper, Inc., 537 So.2d 496
(Ala. 1988), wherein this Court noted:
 "This Court has held that 'one has standing to bring his complaint into court if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.' Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974). See also Realty Growth Investors v. Commercial Indus. Bank of Memphis, Tenn., 370 So.2d 297 (Ala.Civ.App. 1979). Furthermore, to be a proper party plaintiff, the party must have 'an interest in the right to be protected.' Davis v. Southern United Life Ins. Co., 494 So.2d 48 (Ala. 1986); Eagerton v. Williams, 433 So.2d 436 (Ala. 1983); Bagley v. City of Mobile, 352 So.2d 1115 (Ala. 1977)."
537 So.2d at 497-98.
The petitioners argue that they "have vigorously presented their case and have an interest in protecting the value of their property and in maintaining the residential character of their neighborhood," Petitioners' brief at 8, and, therefore, that they have standing to challenge the Board's decision.
Specifically regarding the issue of standing under §11-52-81, in Crowder v. Zoning Board of Adjustment,406 So.2d 917 (Ala.Civ.App.), cert. denied, 406 So.2d 919 (Ala. 1981), the Court of Civil Appeals held:
 "In order for a party to have standing to challenge the decision of a zoning board of adjustment he must be a 'party aggrieved.' To establish himself as a 'party aggrieved' he must present 'proof of the adverse effect the changed status of the rezoned property has, or could have, on the use, enjoyment and value' of his own property."
406 So.2d at 918 (quoting in part Cox v. Poer, 45 Ala. App. 295,297, 229 So.2d 797, 799 (1969)); see also Gulf House Ass'n,Inc. v. Town of Gulf Shores, 484 So.2d 1061, 1063 (Ala. 1985).
This case is not like Gulf House, upon which the Board relies, because, in that case, this Court specifically found that "[t]he evidence . . . [was] insufficient to show that Gulf House was 'aggrieved.' " 484 So.2d at 1063. In that case, the party claimed a right to a view of the Gulf of Mexico, and this Court held that there was no legal right to such a view.
Having reviewed the record in this case in light of the principles discussed above, we conclude that the petitioners presented enough evidence to show that the board's decision "could have" an adverse effect upon them. There was testimony, albeit disputed, that the petitioners would suffer diminished property values as a proximate result of the zoning variance. This satisfies the petitioners' burden of showing that each of them was a "party aggrieved" by the board's decision, within the meaning of § 11-52-81. *Page 649 
Our holding addresses only the issue of standing. We express no opinion as to the decision on the merits by the trial court and the Court of Civil Appeals that the petitioners had suffered no adverse effect from the zoning decision.
Based on the foregoing, we reverse the judgment of the Court of Civil Appeals and remand with instructions to remand the cause to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
INGRAM, J., dissents.