RICHARD L. HOLMES, Retired Appellate Judge.
Mitchum Construction & Engineering Company, Inc. (Mitchum), sued Kyle Sellers for breach of contract. After an ore tenus hearing, the trial court entered the following judgment:
“Upon due consideration of the evidence and arguments presented, the Court finds the issues in favor of the Plaintiff and against Defendant and awards damages in the total sum of $2,155.93, which sum is comprised of principal and interest in the sum of $1,616.93 and a reasonable attorney’s fee of $539.00. Costs are taxed to Defendant.”
Mitchum appeals, contending that the trial court erred in allowing only the statutory rate of prejudgment interest, i.e., in this instance 6% per annum.
Our review of the record does not reveal what rate of interest the trial court applied to the judgment. In fact, this court cannot with any degree of certainty determine what amount the trial court found as “principal.” We do note that the trial court indicated orally that the “statutory rates” would apply.
In any event, the record on appeal must disclose facts upon which alleged error is founded before such error may be considered. Crowder v. Zoning Board of Adjustment, 406 So.2d 917 (Ala.Civ.App.1981).
Even though the above is dispositive of this appeal, we note that it appears that the contract sued upon did not provide for “interest” to be paid. In such cases, where no written contract controls the interest rate, the supreme court in Burgess Mining & Construction Corp. v. Lees, 440 So.2d 321 (Ala.1983), has mandated that the prejudgment interest is the statutory rate of 6% per annum, which is the rate Mitchum complains about in its brief.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.