684 So.2d 123 (1996)
Ex parte CITY OF HUNTSVILLE.
(Re CITY OF HUNTSVILLE v. BENCHWARMER FOOD & SPIRITS, INC., and Board of Zoning Adjustment of the City of Huntsville; and CITY OF HUNTSVILLE v. Frederick W. DIRRIGLE, Jr., d/b/a The Turning Point Cafe & Spirits, Inc., and Board of Zoning Adjustment of the City of Huntsville).
1950938.
Supreme Court of Alabama.
September 6, 1996.
*124 K. Claudia Anderson and Mary Ena J. Heath, Asst. City Attys., for Petitioner.
George M. Beason, Jr. and Elizabeth A. Beason of Martinson & Beason, P.C., Huntsville, for Respondent Board of Zoning Adjustment of City of Huntsville.
Harvey B. Morris and Maureen K. Cooper of Morris, Cloud & Conchin, P.C., Huntsville, for Respondent Benchwarmer Food & Spirits, Inc.
J. Kenneth Smith, League Counsel, Montgomery, for Amicus Curiae Alabama League of Municipalities, in support of the City of Huntsville.
SHORES, Justice.
This Court granted the petition of the City of Huntsville ("the City") for certiorari review of two cases, decided by the Court of Civil Appeals, to consider only the issue of whether under § 11-52-81, Ala.Code 1975, a municipality has standing as a "party aggrieved" to challenge decisions by the Board of Zoning Adjustment. In those two cases the City's Board of Zoning Adjustment ("Board") had granted variances from the City's zoning ordinance. The City opposed the granting of the variances and challenged the Board's actions in the circuit court, pursuant to § 11-52-81, Ala.Code 1975. The circuit court dismissed the City's complaints, holding that the City did not have standing to seek review in the circuit court of the actions of the Board. The Court of Civil Appeals affirmed the dismissals, without opinion. City of Huntsville v. Benchwarmer Food & Spirits, Inc., 682 So.2d 513 (Ala.Civ. App.1996) and City of Huntsville v. Dirrigle, 682 So.2d 514 (Ala.Civ.App.1996) (table). We reverse and remand.
Section 11-52-81, Ala.Code 1975, provides:
"Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo."
Whether a municipality is a "party aggrieved," within the meaning of § 11-52-81, is the issue to be decided. Prior cases have addressed the meaning of "party aggrieved" but have not specifically addressed the precise issue presented here.
For instance, Crowder v. Zoning Bd. of Adjustment, 406 So.2d 917 (Ala.Civ.App.), cert. denied, 406 So.2d 919 (Ala.1981), concerned the standing of a third party, not a party to the proceeding before the board of adjustment, to challenge the board's action in court. The Court of Civil Appeals held that a private property owner must present "`proof of the adverse effect the changed status of the rezoned property has, or could have, on the use, enjoyment and value' of his own property." 406 So.2d at 918 (quoting Cox v. Poer, 45 Ala.App. 295, 229 So.2d 797 (1969)).
In Cox, the court held that a "party aggrieved" includes a person, whose property is in proximity to the rezoned property, who can prove the current or potential adverse effect the changed status of the rezoned property has on the use, enjoyment, and value of his or her property, regardless of whether that person was a party before the zoning board whose decision is appealed. The court in Cox did not address the issue whether a city is a "party aggrieved" within the meaning of the statute, with standing to appeal a final judgment of a zoning board.
Where appeals by municipalities have been entertained, this Court has not decided the issue whether the municipality had standing to appeal. See City of Mobile v. Lee, 274 Ala. 344, 148 So.2d 642 (1963) (entertaining appeal by city and refusing to address standing issue because it was not raised below); City of Mobile v. Sorrell, 271 Ala. 468, 124 So.2d 463 (1960) (allowing appeal by city and pretermitting discussion of its standing because no question of standing was raised on appeal).
*125 The City and an amicus curiae, the Alabama League of Municipalities, assert that a municipality has an interest in assuring that its ordinance is not applied to the detriment of the public and that it must have a corresponding right to appeal decisions of its zoning board that are, in the judgment of the municipal council, detrimental to the public. This interest is evident from the legislation:
"Each municipal corporation in the State of Alabama may divide the territory within its corporate limits into business, industrial and residential zones or districts and may provide the kind, character and use of structures and improvements that may be erected or made within the several zones or districts established and may, from time to time, rearrange or alter the boundaries of such zones or districts and may also adopt such ordinances as necessary to carry into effect and make effective the provisions of this article."
§ 11-52-70, Ala.Code 1975. This Court has stated that when it acts under the authority of this section, a city is exercising its police power "for the protection of the public welfare." Jefferson County v. City of Birmingham, 256 Ala. 436, 440, 55 So.2d 196, 199 (1951). Additionally, the statute provides:
"[Zoning] regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets, to secure safety from fire, panic and other dangers, to promote health and the general welfare, to provide adequate light and air, to prevent the overcrowding of land, to avoid undue concentration of population and to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements.
"Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality."
§ 11-52-72, Ala.Code 1975. Furthermore, this Court has recognized that improper decisions by boards of zoning adjustment affect the interests of a municipality. Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969) (granting variances arbitrarily could destroy whole system of zoning); Marshall v. City of Mobile, 250 Ala. 646, 649, 35 So.2d 553, 555 (1948) (a municipality's exercise of its zoning authority is "`one of the most essential powers of government,one that is the least limitable,'" quoting Hadacheck v. Sebastian, 239 U.S. 394, 410, 36 S.Ct. 143, 145, 60 L.Ed. 348 (1915)). In Priest, this Court stated:
"It is our opinion that variances should be sparingly granted, and that the spirit of the zoning ordinance in harmony with the spirit of the law should be carefully preserved, to the end that the structure of a zoning ordinance would not disintegrate and fall apart by constant erosion at the hands of a board of zoning adjustment or the courts."
Priest v. Griffin, 284 Ala. 97, 102, 222 So.2d 353, 357-58 (1969).
The City also asserts that the legislature intended that municipalities be included as "parties aggrieved." The City relies in part on the language of the Standard State Zoning Enabling Act ("Standard Act"), promulgated by the United States Department of Commerce and used as a model for zoning legislation in the majority of the states, as well as in Alabama. See 1 Robert M. Anderson, American Law of Zoning, § 2.21 (4th ed.1996). The Standard Act was adopted in "substance and effect" by the Alabama legislature in 1935. Chapman v. City of Troy, 241 Ala. 637, 639, 4 So.2d 1, 2-3 (1941) see also Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). Appeals from the board of zoning adjustment, under the Standard Act, could be taken by the following persons in the manner prescribed:
"Any person or persons, jointly or severally, aggrieved by any decision by the board of adjustment, or any taxpayer, or any officer, department, board, or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality."
See Rathkopf's The Law of Planning and Zoning, Appendix A-4 (4th ed.1995). The City argues that § 11-52-81, written with this standard provision as a model, includes municipalities. The City also points out that a municipality affected by a decision of its *126 zoning board can appeal to the Board pursuant to § 11-52-80(c):
"Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of the administrative officer.... The board of adjustment shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time. Upon the hearing any party may appear in person or by agent or by attorney."
The City reasons that once it exhausts this administrative remedy, it should then have standing to seek judicial review as other parties do after appealing to the Board.
The City also refers to the Alabama Administrative Procedure Act, under which a "person" who has exhausted all administrative remedies and who is aggrieved is "entitled to judicial review" of administrative decisions. § 41-22-20(a), Ala.Code 1975. Under that Act, "Person" is defined as "[a]ny individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than an agency." § 41-22-3(7), Ala.Code 1975. Additionally, the City relies on the Airport Zoning Act, under which municipalities have standing to seek judicial review after exhausting administrative remedies:
"Any person aggrieved by any decision of an administrative agency made in its administration of airport zoning regulations adopted under this chapter or any governing body of a political subdivision which is of the opinion that a decision of such an administrative agency is an improper application of airport zoning regulations of concern to such governing body or board may appeal to the circuit court of the county where such airport is located."
See § 4-6-11(a), Ala.Code 1975. A municipality is included in the term "political subdivision." See § 4-6-2(4), Ala.Code 1975. The City thus concludes that in § 11-52-81 the legislature intended "parties aggrieved" to be an inclusive term covering municipalities.
The City has also cited cases from other jurisdictions. In holding that the state statute providing a right to appeal zoning decisions to "[a]ll persons jointly or severally aggrieved by any decision of the board of appeals" gave a municipality standing to appeal, the Illinois Appellate Court reasoned:
"[I]f it did not have such a remedy, the decision of the board of appeals would be final and binding, and [the City] would be compelled to issue a permit for the construction. A rule that would preclude the municipality from seeking judicial review would, in effect, grant to zoning boards unbridled power not reviewable in any court except in situations where private citizens suffer injury different from that suffered by the general public."
Reichard v. Zoning Board of Appeals of Park Ridge, 8 Ill.App.3d 374, 379, 290 N.E.2d 349, 353 (1972). The same analysis applies in Alabama. A zoning board acts independently of the municipal council that enacts the ordinances, and board members may be removed only "for cause." § 11-52-80(a), Ala. Code 1975. Additionally, as the amicus points out, the improper granting of variances will not necessarily be challenged by many aggrieved parties because they might not have the resources for the litigation. Without standing to challenge the arbitrary granting of variances, the municipality is unable to prevent the improper application of its ordinances.
A board of zoning adjustment has the power under § 11-52-80(d)(3):
"To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done."
It is well established, however, that the zoning board "`does not have the right to act arbitrarily or to amend or depart from the terms of the ordinance at its uncontrolled will and pleasure.'" Ex parte Chapman, 485 So.2d 1161, 1164 (Ala.1986) (quoting Nelson v. Donaldson, 255 Ala. 76, 84, 50 So.2d 244, 251 (1951)). This Court finds persuasive the analysis of the Citythat recognizing a municipality's standing to seek judicial review of the administrative decisions of the zoning board promotes the system of zoning prescribed by the legislature, and this Court *127 holds that a municipality does have standing to challenge decisions of its own board of zoning adjustment.
Accordingly, the judgment of the Court of Civil Appeals is reversed and the caused is remanded.
REVERSED AND REMANDED.
ALMON, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.
MADDOX, Justice (dissenting).
I disagree with the holding that a municipality can be a "party aggrieved," as that term is used in § 11-52-81, Ala.Code 1975,[1] and thus qualified to challenge decisions by its board of zoning adjustment.
NOTES
[1] "Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo." § 11-52-81, Ala.Code 1975.