4 So.2d 1

**CHAPMAN v. CITY OF TROY et al.**

4 Div. 189.

Supreme Court of Alabama.

June 13, 1941.

Rehearing Denied Oct. 16, 1941.

Opinion Modified and Judgment Rendered
Oct. 23, 1941.

J. H. Wilkinson and Oliver W. Brantley,
both of Troy, for appellant.

638

J. L. Giddens, of Troy, and Thomas & Thomas, of Montgomery, for appellees.

BOULDIN, Justice.

In 1936, the City Council of the City of Troy, a city of more than seven thousand inhabitants, passed an ordinance to create a zone or district for residential purposes only. The ordinance clearly fixed and defined the boundaries of this district; and penalized the erection or use of any building within such district for business, commercial or industrial purposes.

In 1940, appellant purchased a corner lot located within this district with a view to the erection and operation of a filling station thereon. Favorably located as a site for this business, application was made in due form to the proper authority for a permit as required by city regulations. His application was refused upon the ground that this location is within the residence district created by the zoning ordinance.

Thereupon appellant filed a bill in equity for a declaratory judgment or decree adjudging whether the zoning ordinance is valid or invalid.

The parties framed their pleadings with a view to submission on bill and answer. On such submission the trial court denied complainant relief and dismissed the bill.

Both parties, in their pleadings, disclose a real controversy as to the validity of the ordinance involving the property rights of complainant as well as the powers and duties of the administrative officers, growing out of the ordinance.

Section 2 of the Declaratory Judgment Law, Acts 1935, p. 778, Code 1940, Tit. 7, § 157, expressly looks to a declaration of property rights dependent on the construction or validity of a municipal ordinance,

16 Am.Jur. p. 296, § 24; Klein v. Jefferson County Building & Loan Ass'n, 239 Ala. 460, 195 So. 593, and authorities cited p. 464.

We are of opinion the bill presented a justiciable issue invoking the jurisdiction of the court to determine the validity vel non of the zoning ordinance in question.

The bill is not directed to the right of complainant to a permit to erect and operate a filling station in a residence district under general principles of law. The answer denies this right, and no averments of the bill meet the requirements stated in Gillette, Bldg. Inspector, v. Tyson et al., 219 Ala. 511, 122 So. 830.

The aim of the bill is to determine whether this zoning ordinance stands in the way of the issuance of a permit, the agreed ground upon which a permit was denied at the time.

The grounds upon which the bill was dismissed were not stated in the decree.

This bill does not question that the area zoned as a residence district is in fact a residence district; such a district that under police powers, duly delegated, may be zoned as such; and protected from the intrusion of commercial structures and enterprises, without infringing upon property rights protected by constitutional guaranties, state and federal. This court has very fully considered these questions in the light of the controlling decisions of the Supreme Court of the United States. Leary v. Adams et al., 226 Ala. 472, 147 So. 391; White et al. v. Luquire Funeral Home, 221 Ala. 440, 129 So. 84; Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016.

The ordinance is attacked as violative of what we may term the Zoning Act of 1935, conferring and defining the powers of municipalities in the premises. Acts of 1935, p. 1121. In particular, the power to create one residence district, leaving other areas in the city without zoning regulations as industrial, commercial or residence districts, pursuant to a comprehensive plan, as per Section 3 of above act, is the question of moment.

By this act, the Legislature of Alabama has adopted in substance and effect, the Standard State Zoning Enabling Act, prepared by an Advisory Committee under auspices of the Secretary of Commerce of the United States. Law of Zoning by Metzenbaum, p. 303 et seq.; 3 McQuillin's Municipal Corporations, § 1029.

The act is quite inclusive in the authorization of regulations under the police power for the purpose of promoting the public health, safety, morals, and general welfare.

Among them is the power to divide the city into districts, and regulate the erection and use of buildings in the several districts for trade, industry, residence, or other purpose.

Section 3 declares: "Such regulations shall be made in accordance with a comprehensive plan" designed to accomplish the objectives of the particular regulations.

Such comprehensive plan must be regarded as an important feature of the law.

Zoning is a difficult and complicated undertaking; looks to regulations within the police power for the general welfare, but respecting the property rights of all under constitutional safeguards. The act authorizes, but does not require, the creation of a Zoning Commission and a Board of Adjustment. A large city would have special need for such agencies.

If the governing body of the smaller city undertakes to deal with the entire matter, it is contemplated the welfare of the whole city be kept in view. Hence, a comprehensive plan.

We commend to city councils, and administrative bodies, as well as attorneys, the new and inexpensive work entitled "Zoning" by Edward M. Bassett, reprinted and extended in 1940, and published by Russell Sage Foundation.

A zoning map, covering the city areas insofar as zoning regulations are deemed advisable, is the most approved method of defining the boundaries of districts. There is no hard and fast rule as to what classes of districts may be best suited to local conditions. Residence districts, for example, may be further classified as to what uses are permissible in keeping with the objectives to be attained in the promotion of the general welfare.

There may be undeveloped areas in the city limits which should be zoned as "unrestricted districts." A wide range of discretion must be allowed, not for arbitrary action, but for meeting the ends defined in Zoning Enabling Acts.

A single ordinance laying off a small portion of the city as a residence district, taking no account of other areas

equally residential in character; and so far as appears without any comprehensive plan with a view to the general welfare of the inhabitants of the city as a whole, is not permissible. Piecemeal ordinances are not favored. People ex rel. Friend v. City of Chicago, 261 Ill. 16, 103 N.E. 609, 49 L.R.A.,N.S., 438, Ann.Cas.1915A, 292, 1913; Julian v. Golden Rule Oil Co., 112 Kan. 671, 212 P. 884, 1923; Kilgour v. Gratto, 224 Mass. 78, 112 N.E. 489, 1916; City of St. Louis v. Dorr, 145 Mo. 466, 41 S.W. 1094, 46 S.W. 976, 1897; Aitken v. Borough of Hasbrouck Heights, 136 A. 802, 5 N.J.Misc. 433, 1927; City of Youngstown v. Kahn Bros. Bldg. Co., 112 Ohio St. 654, 148 N.E. 842, 43 A.L.R. 662, 1925; 43 C.J. p. 336, § 366 and notes; Zoning (Bassett) p. 90; The Law of Zoning (Metzenbaum) pp. 20, 21.

Our statute is declared to be cumulative, leaving Sections 1878 and 1879 of the Code of 1923, Code 1940, Tit. 37, §§ 772, 773, in full force. These sections, quite general in character, are in our opinion, not different in calling for a division of the territory within the corporate limits into appropriate districts according to a comprehensive plan. White v. Luquire Funeral Home, supra.

As for the record before us, we must hold the ordinance in question void.

The decree of the court below is reversed and judgment is here rendered in accordance with the views herein expressed.

Reversed and rendered.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.