KENNEDY, Justice.
Defendants appeal a judgment based on a jury verdict in favor of plaintiff, awarding damages, costs, and attorney fees under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq. We affirm.
The issues are whether the verdict of the jury and the award of damages were supported by the evidence; whether the trial court properly awarded costs and attorney fees pursuant to 15 U.S.C. § 1989(a)(2); and whether any alleged error as to inconsistent verdicts was waived by defendants’ failure to object at trial.
On September 13, 1984, plaintiff, Linda Cantrell, purchased a used 1981 Chevrolet pick-up truck from defendant Bill Holt, for $7,439.75. Holt owned City Motors, a used car dealership in Athens, Alabama, and he had been in the used car business for 30 years. The odometer reading on the truck was 25,680.4 miles. Holt gave plaintiff an odometer mileage statement showing the mileage to be 25,680.4 miles and certified that “to the best of my knowledge the odometer reading as stated above reflects the actual mileage of the vehicle described below,” and stating that “the odometer was not altered, set back, or disconnected while in my possession, and I have no knowledge of anyone else doing so.”
However, at the time of the sale, the true mileage on the truck was approximately 50,000 miles more than the odometer reading indicated. The truck had previously been wrecked, declared a total loss, and sold for salvage. The truck was repainted from white to red and showed paint over-spray around the windows. The original transmission was replaced with one from a 1975 passenger car; this was evident from the fact that the serial number on the transmission did not match the serial nufh-ber on the frame, engine, and dashboard. The cab of the truck had been cut in half, and the wrecked part of the cab was replaced with part of another cab. The welding joint resulting from this work was clearly visible from underneath the truck and could be seen under the carpet on the floor of the cab. The frame was bent, causing the wheels to be out of alignment. The bed of the truck had been changed; this was evident from the fact that the truck had an auxiliary gas tank and an auxiliary switch but lacked a hole in which to fill the auxiliary tank with gasoline.
Holt told plaintiff that the truck was in good shape; that nothing was wrong with the . truck; and that the only thing that he had done to the truck was to replace a transmission seal. Holt never told plaintiff that the mileage was incorrect or that the truck had been wrecked.
Holt had purchased the truck from defendant Hap Hargrove, another used car dealer, at Nashville Auto Auction in August 1984. Hargrove had been in the used car business for 20 years and had been doing business with Holt for several years. Holt said he test drove the truck and found it to be “steady.” Hargrove gave Holt an odometer mileage statement showing the mileage to be 25,507 miles and made the same certification that Holt made to plaintiff regarding the actual mileage of the vehicle. Hargrove had purchased the truck from defendant David Echols, another used car dealer, at Tennessee Valley Auto Auction in July 1984. Echols gave Hargrove an odometer milage statement showing the mileage to be 25,386 miles and made the same certification to Hargrove that Holt made to plaintiff regarding the actual mileage of the vehicle. Echols had purchased the truck from Chattanooga Auto Salvage at a wrecked and damaged auto auction, operated by Auto Disposal of Nashville, Inc., but he did not receive an odometer mileage statement from the seller. The certificate of title to the vehicle was initially issued to Danny Swaim. While Swaim owned the truck, it was wrecked and sold for salvage by Swaim’s lienholder; it was transferred several times at various auto auctions until it was finally *490 transferred from Echols to Hargrove at Tennessee Valley Auto Auction.
When Hargrove purchased the truck, he asked for an “Alabama Reassignment Supplement to a Certificate of Title” form. Hargrove filled in the form after he sold the truck to Holt. Hargrove signed David Echols’s name to the form and wrote in 25,507 as the odometer reading on a fictitious reassignment of title from Echols to Hargrove and wrote in 25,507 again as the odometer reading on the reassignment of title from Hargrove to Holt. Echols did not know that Hargrove had signed his name to the reassignment of title form.
Hargrove drove the truck while he owned it; yet, he listed the same mileage (25,507) twice on the reassignment forms, once when he purchased it from Echols and again when he sold it to Holt. Holt knew that Hargrove had driven the truck but did not question Hargrove as to why the mileage was listed as 25,507 miles; nor did he question Hargrove as to the discrepancy between the odometer mileage listed on Echols’s odometer mileage statement to Hargrove (25,386 miles) and the odometer mileage listed on the fictitious reassignment of title form from Echols to Har-grove; nor did he question Hargrove about the discrepancy in the signatures of Echols, which appeared on the reassignment of title form (forged by Hargrove) and the bill of sale and odometer mileage statement from Echols to Hargrove (signed by Echols).
Plaintiff sued Holt and Hargrove, alleging common law fraud and violation of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq.; she later amended the complaint to add Echols as a defendant. Hargrove filed a third-party complaint against Echols. Holt filed a cross-claim against Hargrove. The trial court granted Hargrove’s motions for directed verdicts as to plaintiff’s fraud claim and Holt’s cross-claim and entered a default judgment in favor of Hargrove against Echols on the third-party complaint. The jury returned a verdict against Holt and Hargrove on the claim based on 15 U.S.C. § 1981 et seq. and assessed damages in the amount of $11,159.61. After a hearing on the issue of costs and attorney fees, the trial court awarded plaintiff $10,-000.00 in attorney fees and $1,964.46 in out-of-pocket expenses incurred by plaintiff’s lawyer, for a total judgment of $23,-124.07. The jury also awarded plaintiff $127,717.48 on her fraud claim against Holt. The court entered a judgment based on that verdict. Defendants Holt and Har-grove appealed the jury verdict based on 15 U.S.C. § 1981 et seq. The portion of the jury verdict based on plaintiff’s fraud claim against Holt is not involved in this appeal.
Appellants Holt and Hargrove argue that there was no evidence that they had actual knowledge that anyone else had tampered with the truck’s odometer and that they acted as reasonably diligent dealers in relying upon the odometer mileage statement that they received from their transferors. Further, they argue that there was no evidence that they acted with “intent to defraud” plaintiff, and, therefore, that they are not liable to plaintiff under 15 U.S.C. § 1981 et seq. We do not agree.
The Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq. makes it illegal for any person “knowingly” to give a false odometer mileage statement to a transferee. The test of “knowingly” was incorporated into the Act so that the dealer with expertise has an affirmative duty to mark “true mileage unknown” on the odometer mileage statement if, in the exercise of reasonable care, he would have reason to know that the mileage was more than that which the odometer had recorded or which the previous owner had certified. S.Rep. No. 413, 92d Cong., 2d Sess. 4, reprinted in 1972 U.S. Code Cong. & Ad. News 3971-72; Simmons Auto Sales, Inc. v. Royal Motor Co., 489 So.2d 518, 521 (Ala. 1986).
“Because [dealers] ... are generally equipped with the personnel and physical equipment to discover odometer ‘rollbacks,’ public policy demands that auto dealers utilize their expertise to discover these alterations .... [Djealers will not be allowed to close their eyes to the practice of alter *491 ing odometer readings. ... [A]utomobile dealers are required to use reasonable diligence to inspect used cars purchased for resale.” Simmons Auto Sales, at 521-22. “If a transferror reasonably should have known that a vehicle’s odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence.” Nieto v. Pence, 578 F.2d 640, 642 (5th Cir.1978); Simmons Auto Sales, at 522. "Under the federal act [an auto dealer is] under a duty to do more than simply rely on the prior certification.” Simmons Auto Sales, at 524 (Torbert, C.J., concurring specially).
In this case, the appellants failed to make a diligent inspection of the vehicle as to the structural and mechanical condition of the vehicle and of the record title of the vehicle. A reasonably diligent dealer should have discovered that the truck had been severely damaged and repaired and that the odometer may have been damaged or altered. There was evidence of numerous telltale signs that should have put the appellants on notice, actual or constructive, that the vehicle was, in fact, not in the condition that was represented to the plaintiff. There was evidence of discrepancies in the record title that should have led a reasonably diligent dealer to inspect the odometer and to verify the actual mileage or to indicate that the true mileage was unknown; evidence that Holt had actual knowledge that Hargrove drove the truck while he owned it and yet listed the odometer mileage as 25,507 miles twice on separate reassignment of title forms; and evidence that there was a discrepancy between the mileage indicated on Echols’s odometer mileage statement to Hargrove and the odometer mileage reported on the forged reassignment form from Echols to Hargrove. In this case, appellants reasonably should have known that the vehicle’s odometer reading was incorrect. A dealer may not close his eyes to the truth. Although they may not have known to a certainty that plaintiff would be defrauded, this Court may infer that they understood the risk of such an occurrence. See Nieto, supra, at 642.
Appellants argue that the verdict of the jury and the award of damages were not supported by the evidence and that the award of costs and attorney fees in this case was excessive and improper. We do not agree.
The evidence in the record is such that the testimony, if believed by the jury, justifies the verdict in favor of plaintiff. There was substantial evidence that would imply that the appellants “knowingly” and with the “intent to defraud” gave plaintiff a false odometer mileage statement damaged plaintiff. The testimony concerning the plaintiff’s actual damages supports the award of $23,124.07 to plaintiff under the Act (15 U.S.C. § 1989(a)(1) provides recovery of treble damages or $1500.00, whichever is the greater). The trial court conducted a separate hearing on the issue of costs and attorney fees claimed by plaintiff, which are recoverable under 15 U.S.C. § 1989(a)(2). The trial court properly determined plaintiff’s costs and a reasonable attorney fee upon consideration of the appropriate guidelines. We do not think that the award of $10,000.00 as an attorney fee and $1,964.46 in expenses is an abuse of the trial court’s discretion under the Act or that it is out of line with other awards in similar cases.
Finally, appellant Hargrove argues that the verdict of the jury against him was inconsistent with the trial court’s granting of a default judgment in his favor against Echols, because the Act prohibits recovery against a prior transferor by a transferee who is guilty of violating the Act. We hold this argument to be without merit and that appellant Hargrove waived the right to raise this issue on appeal by failing to raise an objection at trial. See Conley v. Beaver, 437 So.2d 1267 (Ala.1983).
Therefore, we hold that the verdict of the jury was supported by the evidence and that the award of costs and attorney fees by the trial court was proper under the Act.
*492 The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ„ concur.