Appellants in this case, Dan Fitzjarrald and Joe Ward, sought a declaratory judgment and both a preliminary and permanent injunction to enjoin the appellees, the City of Huntsville and the Solid Waste Disposal Authority of the City of Huntsville (Huntsville), from locating a solid waste landfill in Limestone County, Alabama. (A portion of Limestone County is situated within the city limits of Huntsville, Alabama.)
The appellants alleged that Huntsville did not give proper notice to the general public of the proposed landfill, nor provide an opportunity for a hearing on its location in Limestone County. These failures, according *Page 1379 
to the appellants, were due process violations.
The appellants also alleged that Huntsville applied with ADEM for a waiver of the moratorium on the issuance of permits for solid waste management facilities, found in § 22-27-49, Code 1975, but did not comply with that statute's requirements for obtaining such a waiver. Moreover, appellants contended that the decision to locate the landfill in Limestone County was arbitrary and capricious and against the public policy of the State of Alabama.
The Limestone County Circuit Court found that, because no permit had been granted by the Alabama Department of Environmental Management (ADEM) to locate a solid waste landfill in Limestone County, "the issue [was] moot and premature and a justiciable controversy [did] not exist at the present time." Thus, the circuit court ordered that the appellants' complaint be dismissed without prejudice.
Section 22-27-48, Code 1975, describes the process through which a city assures proper management of its solid wastes in accordance with its waste management plan. The statute is clear that "[a] governing body may . . . approve disposal sites in its jurisdiction in accord with the plan approved for its jurisdiction." § 22-27-48(a). The statute is also clear that the local approval is "in addition to any other approvals required from other regulatory authorities and shall be madeprior to any other approvals necessary." § 22-27-48(a) (emphasis added). Moreover, ADEM may not even consider a permit application unless it has already been approved by the local government unit. § 22-27-48(a).
Section 22-27-48(a) then goes on to provide six different factors that the city shall consider when determining whether to approve the proposed solid waste management site. The statute then requires that the determination to permit a new site "shall be made in a public meeting only after public notice of such application or proposal and an opportunity for public comment is provided."
 "Thus, under the Act [The Solid Waste Disposal Act], the process for establishing solid waste collection and disposal sites begins with the county or local governmental entity having control over the affected area. That entity is authorized to approve or disapprove sites with the concurrence of the appropriate health department and ADEM. Therefore, before a . . . governing body can establish a site under the Act, it must first have the approval of the local government, and then the approval of both the health department and ADEM."
Ex parte Lauderdale County, 565 So.2d 623, 625 (Ala. 1990) (emphasis added).
The appellants argue that the circuit court erred in granting Huntsville's motion to dismiss. They assert that their claims against Huntsville involved allegations that their due process rights were violated and that those claims were ripe for review.
In Lauderdale County, our supreme court recognized that those citizens affected by a governmental entity's decision to locate a solid waste landfill in its jurisdiction have due process rights to both notice and a hearing. Section 22-27-48(a) sets out the specifics concerning this notice and hearing.
Appellants' complaint alleges that these procedures were not followed. A motion to dismiss should be granted only when it appears, from the face of the complaint, that a plaintiff can prove no set of facts entitling him to relief. Parker v. MillerBrewing Co., 560 So.2d 1030 (Ala. 1990). Thus, "if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief can be granted," it should not be dismissed. Fontenot v. Bramlett, 470 So.2d 669,671 (Ala. 1985). When we review the dismissal of a complaint pursuant to a motion to dismiss, "we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the pleader." Fontenot, 470 So.2d at 671.
Appellants' complaint stated claims, that if proven, would entitle them to equitable relief. If appellants can establish that the statutory procedures set out in *Page 1380 
§ 22-27-48(a) were not followed, then the local approval was unlawfully obtained and Huntsville should be enjoined from moving to the next step in the approval process. It does not matter that ADEM has not issued a permit yet. ADEM's decision is separate and apart from the city's decision.
The judgment of the trial court dismissing the appellants' complaint is reversed and this case is remanded for further proceedings.
Appellants' request for an attorney's fee on this appeal from the dismissal of the complaint is denied.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.