Rel: January 31, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0510

_____

### Equity Trust Company f/b/o John L. Kalousek, IRA

### v.

### Katie Kimbrell et al.

### Appeal from Jefferson Circuit Court
### (CV-22-902830)

LEWIS, Judge.

Equity Trust Company f/b/o John L. Kalousek, IRA ("Kalousek"), appeals from a summary judgment entered by the Jefferson Circuit Court ("the circuit court") in favor of Katie Kimbrell. We reverse the judgment and remand this cause with instructions.

## Procedural History

On June 14, 2022, the director of the City of Birmingham Department of Planning, Engineering, and Permits ("the director") issued a decision finding that a structure on certain property owned by Kalousek ("the property") had lost its legal nonconforming status. On June 28, 2022, Kalousek filed his notice of appeal to the City of Birmingham Zoning Board of Adjustment ("the board"). The board thereafter entered a decision on September 12, 2022, finding that Kalousek had "presented sufficient evidence that the structure did not lose its legal non-conforming status" and overturning the director's decision.

On September 21, 2022, Kimbrell, a neighboring property owner, filed a notice of appeal to the circuit court from the board's order. The board filed an answer on September 30, 2022. On October 26, 2022, Kalousek filed a motion to dismiss Kimbrell's appeal.[1] The motion to dismiss was denied on November 9, 2022.

---

[1]The motion to dismiss also requested to intervene, but no ruling on the motion to intervene was entered. However, Kalousek was identified in Kimbrell's notice of appeal to the circuit court, was served with the notice of appeal by certified mail, and appears as a party on the case-action-summary sheet.

On March 8, 2024, Kimbrell filed a motion for a summary judgment, asserting that "Kalousek failed to perfect an appeal [from the director's decision to the board] within fifteen days as required by the City of Birmingham's Zoning Ordinance." That same day, Kalousek also filed a motion for a summary judgment along with a brief and evidentiary materials in support thereof. Kalousek argued, among other things, that Kimbrell was not aggrieved such that she was permitted to appeal from the board's order. See Ala. Code 1975, § 11-52-81. Thereafter, Kalousek filed his own affidavit in support of his summary-judgment motion and a motion to strike Joe White, a purported expert to be relied upon by Kimbrell, from the witness list. Kimbrell filed a response in opposition to Kalousek's summary-judgment motion and motions to strike certain other affidavits that Kalousek had submitted in support of his summary-judgment motion. Kalousek thereafter filed a response in opposition to Kimbrell's summary-judgment motion.

On April 15, 2024, the circuit court entered orders striking portions of Kalousek's affidavit, the affidavit of another affiant, and Joe White as an expert witness. The circuit court also denied the summary-judgment

3

motion filed by Kalousek.  On April 17, 2024, the circuit court entered a

judgment stating:

> "This case came before the Court on April 11, 2024, for a hearing on [Kimbrell's] Motion for Summary Judgment …. Based upon the Court's review of the written submissions of the Parties and extensive oral argument by counsel, the Court concludes that there are no genuine issues of material fact and that … Kimbrell is entitled to judgment as a matter of law.  Therefore, the motion is due to be and is hereby granted.  Accordingly, judgment is hereby entered in favor of … Kimbrell and against … Kalousek … and [the board] and the Court further ORDERS as follows:
>
> "1. [The board] improperly considered the untimely appeal by … Kalousek ….
>
> "2. The decision by [the board] is void ab initio.
>
> "3. The decisions of the [d]irector … rejecting the proposed project and concluding that the [structure on the] property had lost its legal non-conforming status due (1) to the structure remaining vacant for two years or more; and (2) due to fire damage to the extent that the repair costs exceeded 50 percent or more of its current replacement value is hereby reinstated.
>
> "4. Costs are taxed to the [board].
>
> "5. This Order constitutes a full and final judgment disposing of the entire case."

(Capitalization omitted.)  Kalousek filed a postjudgment motion under

Rule 59, Ala. R. Civ. P., on May 17, 2024.  That motion was denied on

June 3, 2024.  On June 27, 2024, Kalousek filed a timely notice of appeal.

Discussion

On appeal, Kalousek first argues that Kimbrell was not a "party aggrieved" pursuant to § 11-52-81 and that, therefore, she was not permitted to appeal the board's decision to the circuit court. Section 11-52-81 provides:

> "Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court by filing with such board a written notice of appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the action to be certified to the court to which the appeal is taken, and the action in such court shall be tried de novo."

(Emphasis added.)

> "In Crowder v. Zoning Board of Adjustment, 406 So. 2d 917, 918 (Ala. Civ. App. 1981), the court held that 'in order for a party to appeal from a decision of a zoning board he must be a "party aggrieved" by establishing proof of the adverse effect the changed status of the rezoned property has, or could have on the use, enjoyment, and value of his own property.'"

Gulf House Ass'n v. Town of Gulf Shores, 484 So. 2d 1061, 1063 (Ala. 1985).

In Brown v. Jefferson, 203 So. 3d 1213, 1219 (Ala. Civ. App. 2014), this court held that Joseph P. Jefferson presented sufficient evidence that he was a "party aggrieved" within the meaning of § 11-52-81.

Specifically, Jefferson presented evidence of traffic congestion in his neighborhood and that certain intersections and his driveway had been blocked. There was also evidence indicating that the problems that Jefferson had experienced were a result of the lack of sufficient parking spaces at an adjacent property that had been granted a zoning variance concerning the number of parking spaces. In Ex parte Steadham, 629 So. 2d 647, 648 (Ala. 1993), our supreme court held that a party presented sufficient evidence that it was a party aggrieved where there was "testimony, albeit disputed, that the petitioners would suffer diminished property values as a proximate result of the zoning variance." In Bastian v. Board of Zoning Adjustment of City of Daphne, 708 So. 2d 187, 189 (Ala. Civ. App. 1997), however, this court held that, where the appealing parties presented no proof of adverse effect, they were not aggrieved parties within the meaning of § 11-52-81.

In the present case, as Kalousek points out, the board did not certify the transcript of the proceedings to the circuit court, and, therefore, we have no evidence from the hearing before the board concerning how Kimbrell might have been aggrieved by the board's decision. Kalousek filed in the circuit court a motion for a summary judgment arguing,

6

among other things, that Kimbrell was not a party aggrieved under § 11-52-81. Kimbrell did not file an affidavit in response to that summary-judgment motion addressing the issue whether she was a party aggrieved within the meaning of the statute.

In her brief to this court, Kimbrell points to averments and arguments in the record in an attempt to establish that she was a party aggrieved. However, as our supreme court has recognized, there must be "proof of the adverse effect." Town of Gulf Shores, 484 So. 2d at 1063 (emphasis added). The only evidence that Kimbrell points to is her response to an interrogatory asking how she was aggrieved by the board's decision, in which she stated: "I live next door to the [property]. The decision of the [board] conflicts with the City's Zoning Ordinance and will lead to activity that will negatively impact the use and enjoyment of my property." We conclude, however, that this statement falls short of our supreme court's requirement that the appealing party "'establish[] proof of the adverse effect the changed status of the rezoned property has, or could have on the use, enjoyment, and value of his own property.'" Id. at 1063 (emphasis added) (quoting Crowder v. Zoning Board of Adjustment, 406 So. 2d 917, 918 (Ala. Civ. App. 1981). Indeed, Kimbrell's assertion is

simply a vague conclusory statement that her use and enjoyment of her property would be adversely impacted, but it does not identify any particular adverse effect that the board's order had or could have had on her use and enjoyment of her property. Therefore, Kimbrell was not an aggrieved party such that she could appeal to the circuit court from the board's order.

Based on the foregoing, we reverse the circuit court's judgment and remand this cause for the circuit court to enter a judgment dismissing Kimbrell's appeal.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.